IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL VAN PUTTEN, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-16-647 |
| WARDEN EBBERT, | : | (Judge Brann) |
| Respondent | : | |

**MEMORANDUM**

May 12, 2016

**Background**

Carl Van Putten, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden D. Ebbert. Petitioner has also filed an in forma pauperis application (Doc. 6) which will be granted for the sole purpose of the filing of this action with this Court.

Petitioner states that he was convicted of murder while engaged in a narcotics conspiracy following a jury trial in the United States District Court for the Southern District of New York. On December 19, 2006, Van Putten was

1

sentenced to a term of life imprisonment. Following a direct appeal, Petitioner acknowledges that his conviction was affirmed by the United States Court of Appeals for the Second Circuit. See Doc. 1, ¶ 8. He also indicates that he previously filed an unsuccessful petition for collateral relief pursuant to 28 U.S.C. § 2255.

A supporting memorandum accompanying the Petition generally contends that Van Putten is entitled to habeas corpus relief on the grounds that his conviction and sentence are contrary to standards developed in Alleyne v. United States, 133 S.Ct. 2151 (2013) and United States v. Burrage, __ U.S. ___, 134 S.Ct. 881 (2014) . Alleyne held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt. In Burrage, the United States Supreme Court addressed a sentencing enhancement issue and held that death only results from drug trafficking when the use of the controlled substance is the but for cause of the victim's death. It added that a penalty enhancement can only be applied if a jury finds beyond a reasonable doubt that the victim's use of a drug distributed by the defendant was a but for cause of death.

Petitioner elaborates that the imposition of his federal sentence violated due process because premeditation was not established in his case and the jury was

not provided with an instruction that it must be established that the defendant acted with premeditation.  See  Doc. 2, p. 18.   In a second argument, Van Putten claims that his underlying indictment was faulty because it failed to include specific statutory language regarding aiding and abetting.  He next generally contends that an excessive sentence was imposed.  Petitioner also argues that because Alleyne and Burrage are not retroactive to cases on collateral review he can pursue his instant claims under § 2241.  See Doc. 2, p. 13 .  As relief, Petitioner seeks his immediate release.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

It is initially noted that Rule 2(a)(5) of Rules Governing Section 2254 Cases requires that a habeas corpus petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[1] The pending Petition and accompanying memorandum are both unsigned. As such, it is deficient. Furthermore, Petitioner is apparently arguing that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg and because § 2255 is inadequate or ineffective to pursue his challenge to his conviction and sentence.

When challenging the validity of a federal conviction and sentence and not its execution,[2] a federal prisoner is generally limited to seeking relief by way

---

[1] § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the petitioner.

[2] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner's instant claims are not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law.  As recognized by the Honorable Kim R. Gibson in <u>Pollard v. Yost</u>, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Moreover, as noted above Petitioner seeks relief based upon decisions that do not apply retroactively to cases on collateral review.  Specifically, <u>Alleyne</u> cannot be retroactively applied to cases on collateral appeal.  See <u>United States v. Winkelman</u>, 746 F. 3d 134, 136 (3d Cir.  March 26, 2014).  Likewise, "the Supreme Court has not made <u>Burrage</u> retroactive."  <u>Alvarez v. Hastings</u>, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); <u>Harrington v. Holland</u>, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (<u>Burrage</u> not retroactively applicable to cases on collateral

review); Powell v. United States, 2014 WL 5092762 * 2  (D. Conn. Oct. 10, 2014).

Clearly, Van Putten' pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is  inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction.  Of course, this dismissal has no effect on Petitioner's right to seek authorization from the United States Court of Appeals for the Second Circuit to file a second or successive § 2255 petition.


BY THE COURT:


   s/ Mathew W. Brann
Matthew W. Brann
United States District Judge